**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4109**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JOSHUA HOOD,

            Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:15-cr-00092-IMK-MJA-1)

Submitted:  September 13, 2016      Decided:  September 16, 2016

Before TRAXLER, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tracy Weese, Shepherdstown, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Hood pled guilty to transportation of child pornography, 18 U.S.C. § 2252(A)(a)(1), (b)(1) (2012). The district court sentenced him to 240 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning the validity of Hood's guilty plea and the reasonableness of the sentence. Hood has filed a pro se supplemental brief, addressing these same issues. We affirm.

We have reviewed the plea agreement and the Fed. R. Crim. P. 11 hearing, and we conclude that Hood's guilty plea were knowing and voluntary. Accordingly, we affirm Hood's conviction.

We review Hood's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must first determine whether the district court committed significant procedural error, such as incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. United States v. Dowell, 771 F.3d 162, 170 (4th Cir. 2014). If we find no procedural error, we also examine the substantive reasonableness of the sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. See

18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). Hood bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

Our review of the record reveals that Hood's sentence is reasonable.* The district court properly calculated Hood's Guidelines range as 240 months, heard arguments from both parties, considered the sentencing factors of 18 U.S.C. § 3553(a) and explained its rationale for the sentence it imposed.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hood's conviction and sentence. We deny without prejudice counsel's motion to withdraw. This court requires that counsel inform Hood, in writing, of his right to petition the Supreme Court of the United States for further review. If Hood requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court

---

* Although the two-level increase to Hood's offense level pursuant to U.S. Sentencing Guidelines Manual § 2G2.1 (2015), was erroneously applied, we find this error harmless. See United States v. Mehta, 594 F.3d 277, 283 (4th Cir. 2010) (sentencing error is harmless if resulting sentence is no longer than sentence to which defendant would otherwise be subject). Hood's properly calculated advisory Guidelines range without this increase exceeds the statutory maximum sentence for this offense; thus, Hood's Guidelines range of 240 months is unchanged.

3

for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Hood.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED